# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JAMES DAMRON,

      Petitioner,

v.                              CASE NO:  8:07-CV-2287-T-30-TBM

STATE OF FLORIDA; ATTORNEY
GENERAL, STATE OF FLORIDA

      Respondents.

_____/

## ORDER

      Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. 1).  The Court has considered the petition, Respondents' response (Dkt. 9) and Petitioner's reply. (Dkt. 11). Upon review, the Court determines that the petition must be denied because the state court's denial of Petitioner's claims was well supported by the record and by federal law.

## BACKGROUND

      James Damron (hereinafter referred to as "Petitioner" or "Damron") was convicted by a jury of two counts of lewd and lascivious battery, and the Florida Circuit Court of the Sixth Judicial Circuit sentenced him to two concurrent terms of 15 years' imprisonment. The main evidence against him at trial was the written and videotaped confession he had given to police, which his attorney tried unsuccessfully to have excluded. Damron directly appealed

his conviction to the Second District Court of Appeal, proceeding *pro se* after his court-appointed appellate attorney filed an <u>Anders</u> brief. His appeal alleged that (1) the trial court had violated his Fifth Amendment Double Jeopardy right; (2) the trial court erred in denying his motion for judgment of acquittal; and (3) the prosecutor made improper comments during closing argument. (Dkt. 9, Ex. 1C). The Second District Court of Appeal affirmed his conviction and sentence per curiam on December 28, 2005. <u>See</u> <u>Damron v. State</u>, 918 So. 2d 299 (Fla. 2d DCA 2005).

Damron next filed a Motion for Post-Conviction Relief under Fla. R. Crim. P. 3.850. He claimed ineffective assistance of counsel at trial had violated his Sixth and Fourteenth Amendment rights because his counsel had: (1) failed to file a Motion for a Statement of Particulars; (2) failed to comply with her own motion in limine forbidding mention of Damron's stepdaughter; (3) failed to preserve for appeal the prosecutor's alleged inappropriate comments during closing; and (4) abandoned plea negotiations with the state. (Dkt. 9, Ex. 2A). After summarily denying Grounds 1 and 3, the Sixth Judicial Circuit held an evidentiary hearing on Grounds 2 and 4. Damron asked the court to appoint him counsel for the evidentiary hearing, but the court denied his request because it determined that he understood the legal issues at stake. (Dkt. 9, Ex. 2C at R. 228). After hearing argument from both sides and testimony from Damron's trial counsel, Stacy McNally, the court denied him post-conviction relief on September 15, 2006. (Dkt. 1, Ex. C).

Damron appealed, further alleging that the trial court had erred in failing to appoint him counsel for the evidentiary hearing. (Dkt. 1, Ex. F). The Second District Court of

Appeal affirmed the judgment per curiam and without an opinion on August 17, 2007. See Damron v. State, 963 So. 2d 235 (Fla. 2d DCA 2007).

Damron timely filed the current § 2254 petition, asserting the following as grounds for relief: (1) the trial court abused its discretion by not appointing him counsel for the evidentiary hearing on his 3.850 motion; (2) his trial counsel was ineffective for failing to file a Motion for a Statement of Particulars; (3) the trial court abused its discretion by permitting evidence to be admitted in violation of a granted motion in limine; and (4) his trial counsel was ineffective for failing to preserve for appellate review the "many instances of improper comments" made by the state prosecutor during closing arguments.

## STANDARD OF REVIEW

28 U.S.C. § 2254 allows a state prisoner to seek relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For each claim, the petitioner must have exhausted the available state remedies, or demonstrate that state remedies are absent or ineffective. 28 U.S.C. § 2254(d). Where a state court has already considered the issues raised in a § 2254 petition, habeas corpus relief is only proper if the adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28

U.S.C. 2554(d).

To grant habeas relief from a state court's application of federal law, the reviewing federal court must find that the state court's interpretation of federal law was not merely incorrect, but objectively unreasonable. See Woodford v. Visciotti, 537 U.S. 19, 27 (2002). As to an asserted improper determination of the facts, factual findings of the state court are presumed to be correct; a petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

Petitioner seeks federal habeas relief on two main grounds: (1) he had ineffective assistance of counsel at trial because his lawyer failed to make a Motion for a Statement of Particulars and failed to preserve for appeal the allegedly improper comments made by the prosecutor during closing; and (2) the state court abused its discretion by declining to appoint him an attorney for the evidentiary hearing on his Motion for Post-Conviction Relief, and by admitting evidence at trial in violation of a granted motion in limine. Though Petitioner does not precisely state the federal basis for his claims, the Court construes his petition, based on his Motion for Post-Conviction Relief, to allege violations of his Sixth and Fourteenth Amendment rights. (Dkt. 1, Ex. B).

Ineffective Assistance of Counsel

Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair. See Strickland v. Washington, 466 U.S. 668, 701 (1984). Petitioner bears the burden of proving

that his counsel's performance was objectively unreasonable by professional standards, and that he was prejudiced as a result of this poor performance. Id. at 687-88. To show prejudice, Petitioner "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (internal quotes omitted). There is a strong presumption that an attorney's conduct fell within the "wide range of professional norms," and anything that "might be considered sound trial strategy" will generally not prove counsel ineffective. Strickland, 466 U.S. at 689.

Petitioner's claim that his counsel was ineffective because she failed to move for a Statement of Particulars is without merit. The Felony Information used to charge Petitioner states he "did engage in sexual activity with [the victim], a child 12 years of age or older but less than 16 years of age... or did encourage, force or entice [the victim] to engage in any act involving sexual activity," sometime between January 1 and February 28, 2003, referencing Florida Statute 800.04(4). (Dkt. 9, Ex. 2C at R. 109). The Supreme Court has identified only two constitutional requirements for an indictment: that it (1) contain all the elements of the offense and fairly inform the defendant of the charges against which he must defend; and (2) enable the defendant to plead an acquittal or conviction that would bar future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007). Indictments resembling Petitioner's Felony Information – that is, which track statutory language and reference the charging statute – are usually deemed sufficient. See id. (noting "indictment parroting language of a federal criminal statute is often sufficient"); United

States v. Chilcote, 724 F.2d 1498 (11th Cir. 1984) (holding practical, not technical, considerations govern validity of indictment, and minor deficiencies without prejudice will not prompt reversal).  The Felony Information used to charge the Petitioner therefore meets basic constitutional standards.

More relevant to Petitioner's ineffective assistance claim, the Sixth Judicial Circuit found that Petitioner had failed to demonstrate any prejudice resulting from his counsel's failure to move for a Statement of Particulars because his counsel deposed the victim nearly one year before trial.  In doing so, the state court found, she "became fully aware of the particulars of the charges" in time to prepare a defense. (Dkt. 9, Ex. 2C at R. 110).  Its holding is supported by the record: during the deposition of January 14, 2004, the victim described the incidents of sexual activity in detail, including specific locations and approximate days; Petitioner's trial did not begin until January 4, 2005. (Id. at R.116-133). There is no indication that a Statement of Particulars would have made a difference in the preparation of Petitioner's defense or affected the trial's outcome; Petitioner has therefore failed to demonstrate the prejudice necessary for a claim of ineffective assistance of counsel.

Petitioner's claim that his counsel was ineffective because she failed to preserve for appeal allegedly improper comments made by the prosecutor during closing is also without merit.  After reviewing the trial record, the post-conviction court systematically addressed each of the prosecutor's comments about which Petitioner complained and determined the comments were not improper. (Dkt. 9, Ex. C at R. 27-29).  These determinations are well supported by the trial record, and were silently affirmed by the appellate court.  Petitioner

has again failed to demonstrate prejudice because there is no reasonable likelihood that the appellate court, in reviewing such comments on direct appeal, would have ruled differently.

Abuse of Discretion by the State Trial Court

Petitioner's claim that the state trial court abused its discretion by not appointing him counsel for his post-conviction evidentiary hearing is without merit. The Supreme Court has not recognized a constitutional right to counsel in post-conviction proceedings, so the Sixth Judicial Circuit's refusal to appoint counsel did not violate Petitioner's federal constitutional rights. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (denying defendant right to post-conviction Anders procedures because it found "no underlying constitutional right to appointed counsel in state post-conviction proceedings"). Furthermore, the state trial court's decision had a reasonable factual basis. At the status meeting for Petitioner's post-conviction motion, the Sixth Judicial Circuit, based on conversation with the Petitioner and the fact that Petitioner wrote his *pro se* brief himself, determined that he understood the relevant legal issues, and that these issues were mainly factual, requiring little legal research. (Dkt. 9, Ex. 2C at R. 228). See Graham v. State of Florida, 372 So.2d 1363, 1366 (Fla. 1979) (outlining four factors Florida judges should consider when deciding whether to appoint counsel in collateral proceedings: adversary nature of hearing, complexity, need for hearing, need for substantial legal research); cf. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (holding whether to appoint counsel in federal post-appeal collateral proceeding is at discretion of district court).

Petitioner's claim that the state trial court abused its discretion by allowing evidence to be admitted in violation of a granted motion in limine is without merit. Petitioner may be procedurally barred from raising this claim because he did not address it in his 3.850 Motion for Post-Conviction Relief; he instead used the admission of this evidence to argue that his trial counsel was ineffective. But see Picard v. Connor, 404 U.S. 270, 278 (1971) (holding habeas petitioner must fairly present substance of claim to state court and noting sometimes "ultimate question for disposition" will be same despite variations in legal theory). However, the Court will consider the merits of his claim under 28 U.S.C. § 2254(b)(2).

Generally, federal habeas relief is not proper for errors of state evidentiary law, and "erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is material in the sense of a crucial, critical, highly significant factor." Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir. 1982); see Estelle v. McGuire, 502 U.S. 62, 67 (1991) (holding habeas relief not proper for evidentiary errors that do not infringe on fundamental fairness of trial). In this case, Petitioner's own counsel admitted potentially prejudicial evidence in violation of her own motion in limine by failing to redact a portion of the victim's SAVE Report. The state trial court's allowance of such an admission by Petitioner's own counsel is within its discretion because the admission could have simply reflected a change in trial strategy. Indeed, the SAVE Report was useful to the defense in attempting to undermine the victim's credibility. (Dkt. 9, Ex. 1D at R. 369). The allowance of such evidence is not a violation of the doctrine of judicial estoppel, as Petitioner claims, because this doctrine generally governs the effect of prior final judgments on a current lawsuit, rather than the effect

of an evidentiary ruling during a trial. See New Hampshire v. Maine, 532 U.S. 742 (2001).

To the extent that Petitioner is arguing his counsel was ineffective for admitting the evidence, the Sixth Judicial Circuit's ruling that the admission was not prejudicial is neither an unreasonable application of Strickland nor based on an unreasonable interpretation of the evidence. The state trial court did forbid any mention of the fact that the victim called the defendant's stepdaughter to talk about the sexual incidents with the defendant. Since the prosecution only wanted to introduce the communication to explain how the police became involved, the court found this small probative value outweighed by its possible prejudice: that is, defense counsel's concern that the jury might guess the defendant's stepdaughter had previously accused him of sexual abuse. (Dkt. 9, Ex. 1D at R. 12). However, the manner in which the evidence was admitted, as a minor mention in the SAVE Report, and absent any other evidence insinuating past allegations of abuse (including the victim's testimony, in which she stated merely that she told "a friend" about the abuse, without explaining why she contacted that particular friend) is not sufficient to "establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford, 537 U.S. at 22.

## **CONCLUSION**

The record shows that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254 because he has failed to demonstrate that his trial counsel was prejudicially ineffective or that the state trial court violated any of his federal constitutional rights.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the

   Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 29, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies Furnished To**</u>:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-2287.deny 2254.wpd*